I wonder if my colleagues would mind if we award combat pay today. It is indeed impressive and a little moving to the court that you would sustain us today. The court is not cancelled, even due to severe weather, and because of you we can keep that record. Our first case this morning is Align Tech v. ITC. Mr. Timoteo? Your Honor, and may it please the Court, this is a rare case of an agency disregarding its own rules and making up new rules on the fly. The Commission's errors are both substantive and procedural. The substantive error is the most egregious. Citing nothing more than brief parenthetical notations into prior unrelated orders, the Commission invented the rule that the consent order must express the reference of a trying transmission in order for that mode of importation to be covered. But the unexplained parenthetical reference is not precedent. Let me ask a logistical question. It is interesting to me that you lead off with that. Let's assume hypothetically that we would agree with you, even on both issues, that we think the Commission did exceed its authority with regard to the notice and that they also did not do it right with regard to how they just deal with the consent orders and kind of ignore the fact that they might have not complied with their rules? Is that something we can do? What's your take on what ought to be done, assuming hypothetically that's our view or my view? Judge Frost, we think that this Court can relieve on either of those two issues, but I agree with your opposition is if this Court agrees with us that the substantive issue, the issue of how the consent order should be construed, is more important, this Court can reverse on that ground. Really? Is that really kosher if indeed we think that there was a procedural problem here with how they went forward? Your Honor, I think if you have, if you believe that, if this Court believes that there is a procedural problem, that in fact that under the agency's rules, that intellectual order was not appealable, I would suggest the correct result is to reverse the Commission on that ground. But if the Court believes that the Commission has some discretion in terms of this, let's reverse just on the question of the consent order and specify that an agency cannot devise this new rule that it simply bases on two parenthetical notations in prior cases, which are very dissimilar. But that's not a reversal, right? That's just a vacate and remand, because they still get to evaluate the consent order on all other grounds, right? Including the definition or how they construe the term article. Correct, Your Honor. It's a vacature because it goes back to the Commission, and under the Central Administrative Law principles, such as Chenery, the Commission can then base, can then evaluate also whether or not this consent order covers those other digital sets in question. So the Commission can consider the question whether the articles manufactured something that the Commission did not do. Can I just ask a clarifying question? If we think there's a procedural defect, then the case goes all the way back to the ALJ, isn't that right? It doesn't go back to the ITC for them to re-evaluate the question of what does articles mean in the consent order. Your Honor, if... But if we think there's a substantive problem, we could either rule on that right now, or we could vacate what the ITC did and send it back to the ITC, the Commission, to re-evaluate the question of what does articles mean in the consent order. Your Honor, if the Court agrees with us that there was a procedural defect, that this order was not appealable, then yes, this Court would remand to the Commission with instructions to remand it back to the ALJ until there is an initial determination that is appealable to the Commission, reviewable by the Commission. We would then be exactly in the position we were the day before the Commission issued its decision, which is to have a hearing before the ALJ. If this Court believes that it is that the... doesn't agree with us on procedural issue, but believes that, in fact, this rule of construction that the Commission adopted was improper, then this Court should remand, should vacate the Commission's decision, remand to the Commission to reconsider whether or not this order, in fact, covered the digital data sets in question. Now, there's another case going forward that also implicates the construction of whether articles come within the statute and so forth. What's the status of that proceeding? The status of that proceeding, Your Honor, is that the Commission has extended the date of determination until March 21st. So, unless the Commission extends it further, on March 21st, the Commission will issue its decision whether or not the term articles in Section 337... Wait, was this the decision they were supposed to issue in February originally? Was there a goal or something? Is that what they wanted? Your Honor, the Commission issued a further extension currently until March 21st. But Your Honor, it's correct. The previous deadline was earlier. So, Your Honor, with respect to... Mr. Timoteev, you wanted to address the substance. Let me ask you a question on that. We have both the hardware logic and viruses case that did, at least, follow the practice of requiring a specific invocation of electronic communications before those were covered. Why wouldn't that be sufficient to support this? Your Honor, because these are very different cases. In viruses and worms, they're different in two respects. In viruses and worms, in hardware logic, there were actually mixed products that were both physical and electronic. So, in our case, the only question is whether digital data sets and electronic product was covered. And in the prior decision, in this case, when a consent order was entered in 2006, the only products then were the tangible products. So, there was no need to mention the electronic products. More importantly, Your Honor, in both of these cases, hardware logic and viruses, there was a question whether or not commissions had the authority to reach electronic transmission of digital products. Because in hardware logic, the respondents, they argued, commissions had no such authority. So, the commission then said, yes, we do. So, that was the issue. And then the commission issued both exclusion and cyst and desist order. And it did something different. It said, even though we have authority in the exclusion order, we will not cover electronic transmission because customs, as a matter of policy, doesn't reach those. But in the cyst and desist order, we would. So, there was a reason to be very clear that the cyst and desist order, unlike the exclusion order, in fact covered electronic transmission. But the commission says there's a very important reason here, public notice. They say that given hardware logic and viruses, the public has come to expect, and we expect that the notice will require express reference to electronic transfers. Your Honor, but the commission never said that the public notice is never articulated that prior to this case, certainly not with consent order that was entered in 2006, that in fact the public notice rationale requires such a mention. The commission can certainly, going forward, can institute a rule saying, as a matter of good practice, as a matter of providing notice, you should include such references. You should expressly specify electronic transmission, other modes of transmission. But it never did so until it plucked out these two isolated parenthetical references and said, this is why that rule was set. And Your Honor, what's important here is neither the administrative law judge in our case, in the enforcement proceeding, nor the commission's own investigative staff actually read hardware logic and viruses and worms as setting forth such a rule. So the commission essentially now demands greater clairvoyance from us, from the private parties, than from its own I would submit the interveners in that case believed that such a reference was required really is a powerful argument for our side. And Your Honor, also if I may, I would like to direct you to another question in the consent order. The consent order also uses a very broad term. It uses the term any articles. So basically it refers both to the appliances that were issued in the original proceeding in 2006, and then says any other articles that are manufactured in violation of Alliance patents. And claims of several of Alliance patents that were covered by the consent order were directing only to creating the data plans, not tangible appliances. So there was simply no evidence that the consent order was intended to exclude electronic transmission. But we would not reach that question, right? I mean, the commission hasn't reached that issue yet. You're not asking us to reach it in the first instance, are you? Your Honor, you're absolutely correct. This court should not reach the question whether the term articles manufactured cover the, in fact encompasses digital data sets. But I think the court can look to the fact that the sum of the patents that were covered by the consent order were directed only to computer-assisted methods of creating treatment and data plans to say, well, that is an additional indicia that consent order was not, that consent order by not referencing expressly electronic transmission did not mean to exclude that. So I think it goes to the question of the settles rules for interpreting a consent order, which is interpreted as Supreme Court said in ITT, as this court has reaffirmed, is interpreted in a court similar to a contract. You look at the text of the order, you look at the circumstances of the formation. And under those circumstances of formation, the fact that some patents were directed only towards methods of creating data sets, I think that shows that in fact consent order intended to encompass digital products. Why is it that you don't want us to get to the merits of the scope of the consent order? It's not in front of us right now? Your Honor, it's the essential principle that the Supreme Court has set forward in the Chenery case and this court has applied in other cases. The agency's decision can be affirmed only on the basis which is proffered by the agency. Here at the agency, the only basis that the agency proffered was that the consent order did not use this, again, these magic words, electronic transmission. And that's the sole basis on which the commission rejected our argument. So I think the question of articles of manufacture was never addressed by the commission. It's really the commission should be able, under the Chenery decision, to address it in the first issue, in the first instance. Your Honor, if I briefly may turn to the procedural issue. With respect to the procedural issue, we argue that the commission impermissibly amended, on an ethical basis, its own regulations. Because under the commission's rules, the administrative law judge's order was not… Is there any prejudice here, Mr. Timoteo? Your Honor, we believe there is prejudice. When the commission issued its order, it was one business day before the start of a hearing before the ALJ. So the parties were prepared to go with a hearing. Now we have more than a year after that day, and we have not been able to stop what we believe has been infringing importation of intravenous products. So we think that there is a prejudice avoided by this commission evading its regulations prohibiting the piecemeal appeals that did prejudice us. They're allowed to waive their rules, though, right? Your Honor, yes. But they did not do so here. Because first of all, they never said when they issued their notice of investigation that they're waiving their rule. In fact, they said the ALJ decisions should be issued under FMA ID X provided in Rule 210-42C. And that rule provides that decisions which do not terminate an investigation is not an initial ID. It's only an interlocutory order. And that order is only appealable under certain procedures. But when they proclaimed it to be an initial determination in that notice, isn't that a pretty strong signal to all the parties that there's an expectation that that will be reviewable by the commission? Your Honor, but if it's not, they did not waive. If they had waived the Rule 210-42C, then basically the ALJ's order would be neither an initial determination nor an order. It's simply that a rule which differentiates between appealable initial determinations and unappealable orders would not exist. Initial determinations are reviewable by the commission, right? Correct. But what the commission did here is they essentially modified their own rule. And their own rule, their Rule 201-4, which allows them to waive or suspend the rule, it doesn't refer to modifications. Here what the commission did is that when they issued the notice of investigation, they actually amended their rules. They said, in this case, a decision that otherwise is not reviewable, that doesn't comport with the initial determination standards, will nevertheless be initial determination. Mr. Timofeyev, I will be influenced by a policy matter, which I think I should give you a chance to respond to. These are such expensive and detailed investigations. Shouldn't we encourage any effort by the commission to, if it can, truncate those and save both parties the time, expense, and effort that these proceedings entail? Your Honor, the commission can certainly change its rules. It has that authority. It has changed the rules. Well, but it has a pretty broad authority to regulate its own proceedings. And if it sees, right or wrong in this case, if it sees that it can resolve this matter with an early determination, why wouldn't we encourage that as a matter of policy? Your Honor, I think it's a matter of policy. In every case they can do it. Cut it short before we spend $3 million on discovery. Your Honor, it's a matter of policy for the commission to decide. In May 2013, the commission amended the exact rule that differentiates between initial determinations and orders. It said, guess what? Some of the orders, you can actually, some of those that deny motions with respect to temporary bonds, those can be also dealable. Those can be initial determination. What the commission can now do is just decide in a particular case whether or not it's going to follow its own rules. If it's a matter of policy, it thinks that some threshold determination should be always immediately reviewable, it can certainly institute such a rule. Moreover, in this case, the interveners could have petitioned the LJ for an intellectual appeal. If indeed they could have convinced the LJ that such an appeal would have been proper. We don't think they could have because— The rules here were subject to notice and comment rulemaking, were they not? They were promulgated for the notice and comment rulemaking. They are procedural rules, so there is a question whether or not the full notice and comment rulemaking must be required, but certainly they were—when the commission promulgated them, when it amended those rules last year, it did so for notice and comment. Your Honor, I see I have 11 seconds for rebuttal. You'll receive all your rebuttal time. Thank you. And would you please give Mr. Wirth an extra three minutes if he needs to use it? You see, the combat pay today is that we're going to give you all the time you need to speak, which means that the combat pay is more combat. Mr. Wirth. Good morning, and may it please the Court. I'd like to address Judge Crow's concern and Judge Shen's concern. If the Court believes that Order No. 57 was not an initial determination, but was rather an unreviewable interlocutory order, then we would submit that there is no final determination here and that the appropriate course for this Court would be to vacate and remand to the commission, which would then remand to the ALJ for further proceedings, which presumably would be the— Is that what you wish to happen, Mr. Wirth? No, Your Honor. In our view, the provision in the Notice of Investigation which called for an initial determination on a threshold issue was authorized by Commission Rule 210.10, which states that the Notice of Investigation sets the scope of the investigation. Part of the scope of the investigation is the identification of a threshold issue for determination. The commission has a procedure for early resolution of a threshold issue by allowing the ALJ in the first instance to issue an initial determination. This can avoid the need for a trial, an unduly burdensome process— Was this an initial determination? Yes, Your Honor. Order No. 57 was the initial determination that was called for by the Notice of Investigation. Did the ALJ believe it was an initial determination? The ALJ did not. The ALJ styled it simply as an order, and the ALJ left out the language which is traditionally found at the end of an initial determination, which characterizes it as such. Who gets to make that call, whether it's an initial determination or an order? Seems like that—my instinct says that ought to be the trial judge's call, but help me out here. As Alain correctly points out, there is a list of initial determinations which is provided for by Commission Rule 210.42. Which is the rule that was cited in the notice, right? And that is the rule that was cited in the notice. So is it the commission's view that it waived the rule in the circumstance, that it suspended the rule, that it amended the rule, or that it complied with the rule? The commission's view is that it complied with the rule, and to the extent that there could be an inconsistency, then that would— You think the Rule 210.42c allows for this? It explicitly lists the circumstances, and this is not among them. Your Honor, this would be a waiver in as much as it's an addition to— So it didn't comply. So the commission's position is it did not comply with the rules. It decided to waive the rules, right? Is that what you're— That's right. Our position is that it complied with Commission Rule 210.10, which— But it cites this rule, .42, and then you're telling me, even though it cited this rule and it said we're going under this rule, in effect, they waived the rule, and it's okay for them to do that. The statement in the Notice of Investigation was that any decision shall be issued in the form of an initial determination under Commission Rule 210.42, and our reading of that is that any decision is the grant or the denial of a motion, and the purpose— So wasn't that an amendment to the rule rather than a waiver of the rule? Yes, Your Honor. That is, in effect, an amendment to Rule 210.42. Is the commission allowed to do that? Isn't this notice and comment rulemaking? Can they just kind of on their own amend the rule in a particular circumstances whenever they wish to without announcing that they are amending the rule? In the first instance, the commission is, of course, supposed to comply with its own rules, and it can waive its rules. Our position is that it does not have to cite 201.4 in order to effect a waiver if that is what it's doing. Why not? I mean, the rule says you have to provide good and sufficient reason to waive a rule, and I didn't see any articulation of a good and sufficient reason in that notice for doing what you're claiming that the commission did. Your Honor, the notice of investigation stated the good and sufficient reason, which was that it was identifying an issue for early resolution. And so our position is that is a good and sufficient reason, although it didn't state that it was using that as the good and sufficient reason under 201.4. Aren't you saying, if I'm hearing you correctly, that you're reading a notice of investigation that explicitly invokes the rule .42 to be read as articulating that we are waiving the rule and there's a reason for it? Don't you see some tension between that position? Yes, Your Honor. I think there's a tension between Commission Rule 210.10, which sets the scope of the investigation, and Commission Rule 210.42. The Commission's purpose, and perhaps it was poorly worded, but the Commission's purpose in citing 210.42 was to indicate that this initial determination would be treated in the same manner as any of the other initial determinations listed in 210.42. Mr. Wirth, you heard me ask Mr. Timoteo if it isn't efficient to summarily resolve these very complex matters, and that tends to cut in your favor. But if we allow that to happen without following the rules, doesn't that present an even greater danger of causing this kind of problem where we're going to have ping pong balls bouncing back and forth between the court prolonging investigations and adding to their expense? Your Honor, there is a risk if the Commission decides an issue at an early stage here before trial on a purely legal ground, there is a risk that if this court reverses the Commission on that legal ground, then that would be sent back towards trial, and that would prolong the investigation. There is the other benefit to the risk, which is that if the Commission decides the issue, the purely legal issue, and avoids the need for trial, and avoids the need for unduly burdensome process, that that could save the parties and the government great expense. Let me see if I can cut to the chase here. Maybe you have three outs. One is you think that what the Commission did was amending 210.42C. Let's assume we don't like that. Okay. Second one is the Commission waived the rule. Maybe, maybe they didn't. It's not very clear that they went through the correct procedure of invoking their authority to waive this rule. But maybe there's a third out, which is whether, in spite of the fact that maybe the Commission did whatever it wanted to do whenever it wanted to in this particular instance, maybe there's no prejudice. Can you speak to that question of whether there's prejudice? You just heard from your opposing counsel that this happened right on the eve of the trial in front of the ALJ. What was the length of time between the Commission deciding to take this case and the ALJ issuing Order No. 57? I have to say that it was an unfortunate timing. The notice of investigation was in April. This was not decided by the ALJ until November 28th, and it wasn't decided by the Commission until January 4th. I think that's because the ALJs switched. The Chief ALJ transferred the case to another ALJ. I think that this was not decided as early as it could have been. And just so I'm clear, the ALJ issued its order in November, you're saying? And then the ITC picked it up and issued its order, I guess reversing the ALJ's order, two months later? On January 4th. On January 4th. So there was no prejudice, to answer your other question, Your Honor, because the Commission decided the case on a purely legal ground, and that legal ground would not have been affected by trial. But let's assume we were to reverse the Commission, and then they've got to go back for a trial. How can that not be prejudice? And I guess the second part of my question is, what case can you cite to me that prejudice is actually in play here? That that's a required showing under these circumstances? So that, in our brief, is the American Farm Line case and the Lopez case, which states that, as Your Honor was suggesting, the Commission is expected to follow its rules, but if for some reason there's a variance, it's only reversible error if there is prejudice to the parties. And the other case that I would cite is the Pam case, which is cited in Align's gray brief, which states that it is not a matter of whether it is trying to protect the parties or the government, and that there is an independent virtue in the possibility that this could be decided at an early stage, and to save the parties and the government money from having to do a trial. Mr. Wirth, could you give us at least a couple of your thoughts on why any other articles does not include electronic transmissions? The Commission decided this on the mode of international transfer from outside the United States to inside the United States, independent of the meaning of the term articles, which the Commission did not reach. And that is at issue in the 833 investigation, which, due to an extension, is set for decision on March 21st. But they would have to reach that if we didn't, let's assume we overlooked, or whatever, the procedural error, and we reached it and we disagreed with the Commission with regard to their analysis of the consent orders, that you have to, in other words, that you have to explicitly call out the data. Then they'd have to reach, in order to resolve this, the definition. If this were sent back, then the Commission would reach the meaning of the term articles manufactured as it appears in the consent order. Is it your view that that coincides with what the definition is in the statute, or that's a different analysis? Well, it's a term articles manufactured, which includes the term articles. And our view is that the term articles is informed by the meaning of the term articles in Section 337. Does the Commission believe that consent orders can be drafted so that its relief is broader than the statutory authority of what the ITC could grant? Yes or no. The answer is no, that the consent order can't be broader than the Commission's authority to grant a consent order. But if you're asking me whether it can be broader than violation, the answer is yes with two caveats. One is that the Commission has amended its rule subsequent to this to specify what terms can be in a consent order. And two is that consent orders are interpreted as cease and desist orders are, pursuant to Commission Rule 210.21 in the San Juan case. Mr. Timofeyev distinguished hardware logic and viruses pretty convincingly. What's your take on those? Well, I disagree with his characterization of the imported article in those cases. In hardware logic and viruses, the imported article was a hardware with software on it. And so that was a traditional importation of a physical article. And it just so happens that there also were electronic updates that were possible. And so the Commission prohibited the importation of the physical article. And in a cease and desist order, it also prohibited the electronic transmission of the software update. And one of the issues in the 833 investigation is whether that was done through the Commission's remedial authority. This is footnote 9 of our brief, or whether it was done because it was a violation of Section 337. And here, in the underlying investigation that gave rise to the consent order, the imported article was a physical dental aligner. There were no allegations of electronic transmissions in the underlying investigation. But how old were those cases, hardware logic and viruses? Those were 10 to 20 years old, Your Honor. Right. And we've only got two of them to look at. Does that really create an established practice of how we should understand to what extent software is encompassed by a cease and desist order, let alone a consent order, when there wasn't any commentary or any actual articulation in those orders of why you have to say the magic word software in order for a consent order to cover software? Because of the potential for civil penalties of up to $100,000 per day, the Commission understood that there is this clear notice practice to err on the side of requiring clear notice. Yes, and they said, interestingly, that hardware logic and viruses set up this clear rule. And yet, if the rule was so clear, why did ITC's own staff argue against that rule? Our view is that parties either would know or should have known, based on the Commission's precedent, and that even if they didn't know... But its own staff didn't understand that to be a rule and argued the other way, that these two cases, 10 to 20 years old... And the ALJ also didn't understand it to be a rule, right? That's an even better example. I would fall back on the requirement, because of the possibility of civil penalties, of such severe civil penalties, of requiring clear notice to the respondents and not subjecting the respondents to possible punishment. Well, that may be fine and good. That may be a correct or wonderful result. The question is whether or not the Commission articulated that and put it on notice. And for the Commission to rely exclusively on the consent orders, that's where we are here in this case. Notwithstanding that it may be a good practice for them to adopt sometime in the future, right? Well, Your Honor, the Commission, in its opinion, did articulate that there was the possibility for civil penalties, and that was part of its decision-making in erring on the side of not punishing the respondents. And I would fall back also on the Continental Baking case, which Mr. Timofeyev cited, and that is analogous. It's a Supreme Court case looking at an FTC consent decree. The ITC statute is modeled on the FTC statute, and so an ITC consent order is analogous to an FTC consent decree. And the court there said that before looking at the purpose of the parties in negotiating, and their attorneys in negotiating, the question is what language did they actually get into the consent order. Right. And so, as I understand it, here the Commission made zero attempt to analyze the usage of the term articles as it's used in the consent order. Is that right? That's absolutely right, Your Honor. This was decided... And so maybe that's what the Commission should have done, right? To understand the meaning of any particular word, you have to look at it as it's used in its context. This was looking at the meaning of importation within the meaning of the consent order, and the Commission did not reach the meaning of articles manufactured. But if this court sends it back to the Commission, then we will reach that issue. Thank you. Just a quick question. What do you do with domestic industry requirements? Do you treat those as initial determinations up front, whether a motion to terminate is granted or denied? This procedure was used in the 874 investigation recently on domestic industry, and in order to avoid this problem of the ALJ deciding this at a late stage, the Commission gave the ALJ 100 days to render the initial decision in order to avoid more of the pre-trial process as well. And that was treated in the same manner, domestic industry, by providing the notice of investigation for the item. Because Rule 4210.42C doesn't cover domestic industry requirements and determinations, you would have to waive that rule in order to make that an initial determination. Yeah, everything that I said in this case would apply there as well, Your Honor. Thank you, Mr. Worth. Thank you. Mr. Myers. May it please the Court, I'm Mike Myers for the interveners. And first and foremost, I would like to stress that the interveners agree with the Commission concerning the Commission's interpretation and its implementation of the Commission's own rules. However, here, the question of whether the Commission followed its rules or perhaps deviated from them is purely academic. Because a line as a matter of law cannot show a violation of the consent order. And because it can't, it's sustained in no prejudice. And for that reason, the Commission's decision should be affirmed. There's two reasons why a line cannot possibly show prejudice in this case via violation of the consent order. The first is that it has unconditionally authorized ClearCorrect to make and sell the products that are at issue here. These are the orthodontic appliances people put in their mouths to straighten their feet. Are you talking about the covenant not to sue? I am, Your Honor. Is that issue before us? I believe it is. You didn't seek review before the Commission, did you? Your Honor, no. The way it played out procedurally, we did not have that opportunity. So how is the issue appropriately before us? Well, Your Honor, this Court has held repeatedly that the appellee is entitled to make any argument, as long as this Court feels that it is supported by the record, to determine whether there was error below. Here, the Commission ruled there was no violation. I'm at liberty to make any argument that is supported by the record that that decision was correct. Here, we had an issue that was… But we don't have anything to review, right? It's really not before us, as Judge Prost suggests. I disagree with you, Your Honor. I think what you have to review is was the Commission's decision that there was no violation correct, or was it an error? And if a line has no prejudice, because it cannot show a violation as a matter of law, then you can affirm the Commission's decision based on any argument that is fully before you. Now, there's got to be full and fair record in front of you to decide. So it's your position also that we ought to decide the statutory construction question, the question of whether or not what articles mean, and we could do that even though the Commission clearly didn't reach that issue. Yes, Your Honor. It's your position that if your rule applies, then we could go that direction, too. Sure. Your Honor, there were two issues here where discovery was conducted. It was fully briefed on the merits. We had a ruling by the ALJ, so you have a fully developed record. And under this court, for example, all of this court's rulings on, for example, harmless error, you're always looking beyond what the appellants want to talk about to see if what the district court or the agency did even matters. Here, it doesn't matter if the agency or the Commission followed its rules or deviated from them, because a line cannot show a facial violation of the consent order at issue. So your view is the way we determine whether or not there's been prejudice in these circumstances is we decide the case on a completely different ground and then say, well, because they would have lost anyway, there's no prejudice? That's often the way it's done in a harmless error review situation, Your Honor, and I believe that is the correct procedural framework to look at this. The face of the consent order itself, which we haven't talked about here today, says that the only prohibition, the only thing this order does is it prohibits the importation of articles that are manufactured in violation of the reference patents unless by license or provision of law. Here, a line unconditionally, in 2011, a year before it filed these complaints, it unconditionally authorized the manufacture and sale of these products. So it cannot make a facial demonstration of a violation of the consent order. So there's no reason to go back down and have a hearing and a trial over these procedural matters about whether the rules were followed or not. In that 2011 covenant not to sue, it was a covenant on a patent that taught the manufacture and use of a complete system of these aligners, including specifically the use of the digital information, the treatment plan data, that is accused here. The only accused import is that data. And on the issue of the articles, that is squarely within what they're arguing on the appeal here today, that the commission doesn't have a rule concerning the description of these articles. But back to the covenant not to sue, it was the same inventive subject matter. It was the same products. They cannot show prejudice because they cannot possibly show a violation of the consent order. And the same is true for this issue on articles that are manufactured. This court, in its decision in Bayer AG versus Housie Pharmaceuticals, did the analysis under 271 of the patent statute on what articles mean. And this court concluded that articles under 271 are the same as articles under 1337, and that those are tangible. Here, the only accused import is intangible raw data, not software. It's got no functionality. It is pure data. So, Your Honor, yes, you can. I mean, the record before you is their complaint, which only accuses the raw importation of data. Under Bayer AG versus Housie, that's not an article. And if we support that argument, then we are going to give an incentive for every software manufacturer to move abroad, right? Then they can import their stuff with impunity. I don't know that that's true, Your Honor. I mean, there are patent laws here. That's true. We don't know if that's true, but it's awful. It's certainly suggested by the way you're arguing this, isn't it? Your Honor, I don't know what the commission is going to do with it. My client is being sued for patent infringement in a Texas district court. So, we're not off the hook. A line has gone after ClearCorrect in two ITC investigations, a patent infringement case in Texas, and a predatory pricing case in California. There's no get out of jail free card that I see. But what I do see is that these products were authorized a year before the complaints were filed. That, by the express terms of the consent order, a line cannot prove its case. The same with articles. And therefore, it's got no prejudice. Thank you, Mr. Myers. I think that... Thank you, Your Honor. We appreciate your presence and your argument. Mr. Timofeyev. I gave it the Russian pronunciation that time. You winded correct, Mr. Judge. Thank you. But either one works. Do you mind starting with the covenant not to sue, as to whether or not you think that issue is properly before us in this case? Your Honor, it was not before this court. That's how I view it. The LJ actually denied the motion to terminate based on the covenant not to sue. In the decision that posited the decision that the LJ and the commission decision that's under review here, the commission, that decision, was never appealed to the commission. It was never used by the commission. There is no final determination on that issue by the commission. It's just simply not in the appellate record, and this court has said that, in such instances, it doesn't have jurisdiction to review it. In terms of why the administrative law judge and the commission staff did not treat those magic words of client transmission as setting a notice, setting a rule, it's simply because that reference is not the precedent. Precedent is a holding of an agency or court. It's the explanation of legal authority. It's not a simple, unexplained parent's article. Secondly, the commission, in this case, and this is at Joint Appendix 69, it said that it does have jurisdiction and authority to reach electrodigital data that is electronically transmitted into the U.S. So the commission did decide this issue. It cited cargo logical support. It may reconsider it now in the parallel investigation that will be decided in March. But once the commission said that it has that authority, then there was simply no basis for treating a consent order as excluding digital data that's electronically transmitting because it didn't include an illustrative parent's article. Can I just, I'm sorry, just speaking of the parallel investigation that's going on, if that were hypothetically to issue after or before we issued an opinion in this case, does that have any effect? Does that moot out anything or affect anything that we might do in this case? No, Your Honor, I don't believe so because if the commission rules as it did here and says, yes, we actually do have that authority to reach electronic transmission, then the issue we hear today will still be alive. If the commission rules the other way, I expect that there will be an appeal from that decision to this court. I think this court can decide. It can wait, but I think it can decide the issues that are presented here and actually then really issue a decision on them. In terms of clear notice, the clear notice is once the commission did say, in hardware logic, reaffirming in this case that, in fact, it has the authority to reach electronically transmitted digital data, there is a clear notice to everyone that, in fact, the consent order prohibiting any articles that may infringe patents, indeed, that that would encompass digital data. So I think that takes care of a clear notice argument. And I would say, and I would disagree with the ITC, that in hardware logic, actually, if you look at the findings of FACTS 485-503, the administrative law judge there found that some of the software and source code was transmitted only electronically through the company's intranet. So I think it actually did involve a clear case of electronic transmission as well as the transmission on a fixed medium. Your Honor, with respect to the procedural issue, I think the commission now actually concedes that it did not comply with Rule 21042. It did not waive that rule. It now argues that it amended that rule. Our position is that that amendment is simply impermissible and in terms of prejudice, cases like TAM and cases like Black Lines involve situations where there was fewer details given in the notice, there was a timing issue when the court extended timing. It's a different question when an agency simply amends its rules. Thank you, Your Honor. Thank you, Mr. Timofeev, Mr. Wirth, Mr. Myers, and your associates. We appreciate you being here.